UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| LLOYD JASON REYNOLDS,            ) | |
|           )  | |
|    Plaintiff,          ) | |
|       )  | |
| v.          ) | No. 1:13-CV-156-SNLJ |
|       )  | |
| GEORGE LOMBARDI, et al.,          ) | |
|       )  | |
|    Defendants.          ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Lloyd Jason Reynolds (registration no. 331565) for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee, and therefore, the motion will be granted, and plaintiff will be assessed an initial partial filing fee of $1.50. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that this action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the

greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $7.50, and an average monthly balance of $0.00. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.50, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to

state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## The Complaint

Plaintiff, an inmate at Southeast Correctional Center ("SECC"), brings this action for the violation of his constitutional rights under 42 U.S.C. § 1983. He requests monetary relief and transfer to another correctional institution. Named as defendants are George Lombardi (Director, Missouri Department of Corrections), Ian Wallace (SECC Warden), and Justin T. Looney, (SECC Correctional Officer). Plaintiff alleges that defendant Looney has "verbally sexually harassed" him and has made threats on plaintiff's life. Plaintiff states that he has written complaint letters to defendants Lombardi and Wallace, but they have refused to investigate plaintiff's claims or take corrective action. Plaintiff further alleges that in retaliation for filing the instant lawsuit, he has been denied access to his legal materials. Last, plaintiff

states that other inmates have made threats against him for filing sexual harassment complaints against Looney, and plaintiff believes that "staff animosity and retaliation" has put his life and safety at risk.

## Discussion

Having carefully reviewed the complaint, the Court concludes that dismissal is warranted under 28 U.S.C. § 1915(e)(2)(B). Plaintiff brings this action against the defendants in their official capacities. *See Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995)(where a complaint is silent about defendant's capacity, Court must interpret the complaint as including official-capacity claims); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id.* As a result, the complaint is legally frivolous and fails to state a claim upon which relief can be granted.

As additional grounds for dismissing this action, the Court finds that plaintiff's claim that defendant Lombardi failed to respond to his letters is legally frivolous. *See Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly

responsible for incidents that injured plaintiff); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995)(respondeat superior theory inapplicable in § 1983 suits); *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997)(noting that general responsibility for supervising operations of prison is insufficient to establish personal involvement required to support liability under § 1983); *Rivera v. Goord*, 119 F.Supp.2d 327, 344 (S.D.N.Y.2000) (allegations that inmate wrote to prison officials and was ignored insufficient to hold those officials liable under § 1983); *Woods v. Goord*, 1998 WL 740782, at *6 (S.D.N.Y. Oct.23, 1998) (receiving letters or complaints does not render prison officials personally liable under § 1983); *Watson v. McGinnis*, 964 F.Supp. 127, 130 (S.D.N.Y.1997) (allegations that an official ignored a prisoner's letter are insufficient to establish liability).

Moreover, the Court notes that mere words, without more, usually do not invade federally protected rights. *See Burton v. Livingston*, 791 F.2d 97, 99-100 (8th Cir. 1986) (usually, mere words, without more, do not invade federally protected right; "rough language" resulting only in hurt feelings not actionable under § 1983); *Martin v. Sargent*, 780 F.2d 1334, 1338-39 (8th Cir. 1985)(verbal threats and name calling usually are not actionable under § 1983).

Last, transfers to another prison are entirely within the discretion of prison officials, *Lyon v. Farrier*, 727 F.2d 766, 768 (8th Cir. 1984), and prisoners have no

justifiable expectation that they will be incarcerated in any particular prison within a state. *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Murphy v. Missouri Dept. of Correction*, 769 F.2d 502, 503 (8th Cir. 1985). Any protected interest plaintiff might have in being incarcerated in a particular state prison would have to be created by state law. *See Hewitt v. Helms*, 459 U.S. 460, 469 (1983). Plaintiff has failed to allege the existence of such a law.

For the above-stated reasons, the Court will dismiss this action under 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $1.50 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and

fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's remaining pending motions [Docs. #7, #9, and #10] are **DENIED** as moot.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 21st Day of November, 2013.

_____
UNITED STATES DISTRICT JUDGE